UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | |
|---|---|
| BRANDON A. MOCKBEE,<br>Petitioner, | Case No. 1:17-cv-147 |
| vs. | Black, J.<br>Litkovitz, M.J. |
| WARDEN, MIAMI<br>CORRECTIONAL INSTITUTION,<br>Respondent. | REPORT AND<br>RECOMMENDATION |

Petitioner, an inmate at the Miami Correctional Institution,[1] has filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. (Doc. 3). This matter is currently before the Court on respondent's motion to dismiss (Doc. 11), to which petitioner has responded (Doc. 17, 20). For the reasons stated below, it is recommended that the motion be granted.

In the petition, petitioner challenges his June 2012 conviction and sentence in the Scioto County, Ohio Court of Common Pleas. (Doc. 3). On June 13, 2012, following a jury trial, petitioner was found guilty of three counts of aggravated possession of drugs, two counts of receiving stolen property, and one count each of possession of drugs, theft of drugs, grand theft, vandalism, possession of criminal tools, breaking and entering, and tampering with evidence. (Doc. 10, Ex. 6). Petitioner received a total aggregate sentence of twenty years of incarceration in the Ohio Department of Corrections. (Doc. 10, Ex. 8).

Petitioner filed a direct appeal with the assistance of counsel. (*See* Doc. 10, Ex. 10). On December 11, 2013, the Ohio Court of Appeals affirmed in part and reversed in part the judgment of the trial court. Specifically, the appeals court remanded the case for resentencing

---

[1] The Indiana Department of Correction Offender Search webpage indicates that petitioner is currently in custody based on a January 12, 2017, Dearborn County, Indiana conviction on one count each of burglary, conspiracy/burglary, and obstruction of justice. (Viewed at https://www.in.gov/apps/indcorrection/ofs/ofs). *See also State v. Mockbee*, No. 15C01-1607-F5-000049 (Dearborn Circuit Court) (docket sheet), https://public.courts.in.gov/mycase/#/vw/Search. This Court may take judicial notice of court records that are available online to members of the public. *See Lynch v. Leis*, 382 F.3d 642, 648 n.5 (6th Cir. 2004) (citing *Lyons v. Stovall*, 188 F.3d 327, 332 n.3 (6th Cir. 1999)).

after vacating petitioner's convictions on two counts of aggravated possession of drugs and one count each of possession of drugs, theft of drugs, and receiving stolen property. (Doc. 10, Ex. 13). On January 23, 2014, the trial court resentenced petitioner to serve a total aggregate sentence of eight years in the Ohio Department of Corrections. (Doc. 10, Ex. 14).[2]

On December 29, 2014, petitioner, through different appellate counsel, filed an application to reopen his appeal pursuant to Ohio App. R. 26(B). (Doc. 10, Ex. 31). Although the application was initially denied, the Ohio Court of Appeals granted petitioner's March 30, 2015 motion for reconsideration. (*See* Doc. 10, Ex. 34, 36). In his reopened appeal, petitioner argued that the trial court erred by altering and increasing sentences that he had fully served at the time of resentencing and that his appellate counsel was ineffective for failing to raise this error on appeal. (*See* Doc. 10, Ex. 37). On August 18, 2015, the Ohio appeals court reversed the trial court's judgment in part and remanded to vacate petitioner's resentencing on four counts after finding that petitioner had fully served the sentence associated with those offenses at the time of his resentencing. (Doc. 10, Ex. 39). The court instructed the trial court to "determine on remand whether Mockbee has now served the properly imposed three-year prison term and discharge him if he has done so." (*Id.* at PageID 664). On September 25, 2015, the trial court held a resentencing hearing and determined that petitioner had served his three-year sentence. (Doc. 10, Ex. 42). Petitioner was discharged from the Ohio Department of Rehabilitation and Correction by court order on September 25, 2015. (*See* Doc. 10, Ex. 50).

On December 28, 2015, petitioner, through new counsel, filed a motion to be released from the provision of his sentence for post release control supervision. (Doc. 10, Ex. 43). Petitioner's motion was initially overruled by the trial court. (Doc. 10, Ex. 45). However on

---

[2] Petitioner, through counsel, unsuccessfully appealed from the resentencing to the Ohio Court of Appeals and the Ohio Supreme Court. (*See* Doc. 10, Ex. 17–18, 21, 22–23, 25). Petitioner also filed a post-conviction motion to vacate his resentencing, which was denied by the trial court. (Doc. 10, Ex. 26, 29).

June 9, 2016, upon reconsideration, the trial court entered a judgment order vacating the post-release control portion of petitioner's sentence and ordering that petitioner's post-release control supervision cease immediately. (Doc. 10, Ex. 49).

Petitioner filed the instant federal habeas corpus petition roughly eight months later, on March 8, 2017. (*See* Doc. 1).

28 U.S.C. § 2254(a) provides that district courts have jurisdiction to entertain petitions for habeas relief "only from persons who are *in custody* in violation of the Constitution or law or treaties of the United States." *Maleng v. Cook,* 490 U.S. 488, 490 (1989) (emphasis in original) (internal citation and quotation marks omitted). "[T]he habeas petitioner must be 'in custody' under the conviction or sentence under attack at the time his petition is filed." *Id.* (citing *Carafas v. Lavallee,* 391 U.S. 234, 238 (1968)). Except in limited situations not applicable to the case-at-hand, the custody requirement is not met if the petitioner files his habeas petition after the sentence imposed for the challenged conviction has "fully expired." *See id.* at 493–94; *see also Lackawanna County Dist. Attorney v. Coss,* 532 U.S. 394, 401 (2001); *Steverson v. Simmers,* 258 F.3d 520, 522–25 (6th Cir. 2001).[3] "[O]nce the sentence imposed for a conviction has completely expired, the collateral consequences of that conviction," such as the inability to vote, engage in certain businesses, hold public office or serve as a juror, "are not themselves sufficient to render an individual 'in custody' for the purposes of a habeas attack on it." *Maleng,* 490 U.S. at 492. *See also White v. Kapture,* 42 F. App'x 672, 673–74 (6th Cir. 2002). Furthermore, the "in custody" requirement is not satisfied "merely because of the possibility that the prior

---

[3] The Supreme Court has recognized "an exception to the general rule for § 2254 petitions that challenge an enhanced sentence on the basis that the prior conviction used to enhance the sentence was obtained where there was a failure to appoint counsel in violation of the Sixth Amendment, as set forth in *Gideon v. Wainwright,* 372 U.S. 335, 83 S.Ct. 792, 9 L.Ed.2d 799 (1963)." *Coss,* 532 U.S. at 404. *See also Steverson,* 258 F.3d at 524.

3

conviction will be used to enhance the sentences imposed for any subsequent crimes of which [an individual] is convicted." *Maleng*, 490 U.S. at 492.

In this case, the Court lacks jurisdiction to consider the habeas corpus petition because petitioner was not in custody under his Scioto County conviction when he filed his petition. As noted above, petitioner fully served his sentence on September 25, 2015 and was not subject to supervised release or probation following the trial court's June 9, 2016 order. Petitioner therefore was no longer "in custody" based on the challenged conviction and the Court lacks jurisdiction over the petition. *See Maleng*, 490 U.S. at 491 ("We have never held . . . that a habeas petitioner may be 'in custody' under a conviction when the sentence imposed for that conviction has *fully expired* at the time his petition is filed.") (emphasis in original); *In re Stansell*, 828 F.3d 412, 416 (6th Cir. 2016) (noting that "an individual is 'in custody' for habeas purposes when he is in actual, physical custody in prison or jail *or* when he is subject to significant post-release restraints on his liberty that are not shared by the public generally," which includes individuals subject to post-release control) (emphasis in original) (quotations and citations omitted). *See also Bennington v. Dewine*, No. 1:14-cv-688, 2015 WL 1914318, at *5 (S.D. Ohio Apr. 27, 2015) (Report and Recommendation), *adopted*, 2015 WL 2452623 (S.D. Ohio May 21, 2015) (Dlott, J) (finding that petitioner's prior filed civil rights complaint should not be construed as a habeas corpus petition because the Court would not have jurisdiction over the petition because petitioner is no longer in custody).

As indicated above, petitioner is currently serving a sentence in Indiana. *See supra* note 1. He appears to argue that he is still "in custody" under his Ohio conviction and sentence because "the convictions are being used in another state to enhance my sentence with a (6) year habitual offender." (Doc. 17 at PageID 824; Doc. 20 at PageID 958). However, the fact that

4

petitioner's Scioto County conviction may have been used to enhance his Indiana sentence does not impact the Court's custody analysis. As the Sixth Circuit recently noted in *In re Lee*, __ F.3d __, 2018 WL 443876, at *1 (6th Cir. Jan. 17, 2018), "[t]he Supreme Court has made clear that a petitioner is not 'in custody' under a conviction 'whose sentence has fully expired at the time his petition is filed,' even if that conviction has been used to enhance the length of a current or future sentence imposed for a subsequent conviction.'" *Id.* (quoting *Maleng,* 490 U.S. at 491 and citing *Steverson*, 258 F.3d at 522–23).

Accordingly, the undersigned concludes that the Court does not have jurisdiction over the petition and that respondent's motion to dismiss (Doc. 11) should be **GRANTED**.

**IT IS SO RECOMMENDED.**

Date: 2/6/2018

Karen L. Litkovitz
United States Magistrate Judge

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION

BRANDON A. MOCKBEE,
Petitioner,

vs.

WARDEN, MIAMI
CORRECTIONAL INSTITUTION,
Respondent.

Case No. 1:17-cv-147

Black, J.
Litkovitz, M.J.

## NOTICE

Pursuant to Fed. R. Civ. P. 72(b), **WITHIN 14 DAYS** after being served with a copy of the recommended disposition, a party may serve and file specific written objections to the proposed findings and recommendations. This period may be extended further by the Court on timely motion for an extension. Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. If the Report and Recommendation is based in whole or in part upon matters occurring on the record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon, or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs. A party may respond to another party's objections **WITHIN 14 DAYS** after being served with a copy thereof. Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).