UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

BRANDON MOCKBEE,          Case No. 1:17-cv-147

    Petitioner,                    Judge Timothy S. Black
vs.                                  Magistrate Judge Karen L. Litkovitz

WARDEN, MIAMI CORRECTIONAL
INSTITUTION,

    Respondent.

**DECISION AND ENTRY
ADOPTING THE REPORT AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE (Doc. 30),
OVERRULING PETITIONER'S OBJECTION (Doc. 35),
AND TERMINATING THIS CASE IN THIS COURT**

This case is before the Court pursuant to the Order of General Reference to United States Magistrate Judge Karen L. Litkovitz. Pursuant to such reference, the Magistrate Judge reviewed the pleadings filed with this Court, and, on February 6, 2018, submitted a Report and Recommendation. (Doc. 30). On February 28, 2018, Petitioner filed an objection. (Doc. 35) ("Objection").

The Objection is not well-taken. Initially, the Objection—which was required to be filed by February 20, 2018, but was not filed until eight days later—is untimely and fails as a matter of law. *See Jones v. Warden, Ross Corr. Inst.*, No. 2:11-cv-0871, 2013 U.S. Dist. LEXIS 169658, at * 4 (S.D. Ohio Dec. 2, 2013) ("failure to file timely objections not only waives the right to de novo review of a Magistrate's Report and

Recommendation, but dispenses with the need for the district court to conduct any review").

In any event, the Objection fails on the merits. The Objection repeats the argument that Petitioner, who is currently incarcerated in Indiana pursuant to a January 12, 2017 conviction for burglary in Dearborn, Indiana, is "in custody" pursuant to a 2012 conviction in the Scioto County, Ohio, Court of Common Pleas—even though the sentence imposed for that conviction has expired—because the 2012 conviction was used to enhance the sentence he is currently serving. (Doc. 35 at 1-7).

This argument is unavailing. <u>The United States Supreme Court has expressly held that a petitioner is not "in custody" pursuant to a conviction after the sentence imposed has expired, even if the conviction is subsequently used to enhance the sentence imposed for a later conviction</u>:

> The question presented by this case is whether a habeas petitioner remains "in custody" under a conviction after the sentence imposed for it has fully expired, merely because of the possibility that the prior conviction will be used to enhance the sentences imposed for any subsequent crimes of which he is convicted. We hold that he does not. . . .
>
> In this case, of course, the possibility of a sentence upon a subsequent conviction being enhanced because of the prior conviction actually materialized, but we do not think that requires any different conclusion. When the second sentence is imposed, it is pursuant to the second conviction that the petitioner is incarcerated and is therefore "in custody."

*Maleng v. Cook*, 490 U.S. 488, 492-93 (1989); *see also In re Lee*, 880 F.3d 242, 243-44 (6th Cir. 2018).

Accordingly, the Magistrate Judge properly concluded that Petitioner is not "in custody" pursuant to his 2012 conviction and this Court lacks subject matter jurisdiction

2

over this habeas action which exclusively challenges the 2012 conviction. (Doc. 30 at 4-5).

As required by 28 U.S.C. § 636(b) and Fed. R. Civ. P. 72(b), the Court has reviewed the comprehensive findings of the Magistrate Judge and considered *de novo* all of the filings in this matter. Upon consideration of the foregoing, the Court does determine that such Report and Recommendation should be and is hereby adopted in its entirety. Accordingly:

1. The Report and Recommendation (Doc. 30) is **ADOPTED**;
2. Petitioner's Objections (Doc. 35) are **OVERRULED**;
3. Respondent's Motion to Dismiss (Doc. 11) is **GRANTED**; and
4. The Clerk shall enter judgment accordingly, whereupon this case is **TERMINATED** on the docket of this Court.

**IT IS SO ORDERED.**

Date: 3/16/18

Timothy S. Black
United States District Judge